Thomas M. Freiburger, Attorney at Law
55 Main Street, Suite 200
Tiburon, California 94920
TEL:  (415) 435-0240
EMAIL:  tfreiburger1@yahoo.com

Frear Stephen Schmid
7585 Valley Ford Road
Petaluma, CA 94952
TEL: 415-788-5957
EMAIL: frearschmid@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET ONE PRODUCTS, INC.<br>    *Plaintiff,*<br>v.<br>WINE CELLAR PRO LLC,<br>And<br>ERIK KUEHNE<br>    *Defendants* | CIVIL ACTION NO. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>JURY TRIAL DEMANDED |

Planet One Products, Inc. ("Plaintiff") alleges claims against Defendants Wine Cellar Pro LLC and Erik Kuehne ("Defendants") for trademark infringement under federal law, false designation of origin, injury to business reputation and/or trademarks, common law unfair competition, and seeks a permanent injunction, damages, and attorney's fees and costs, and such other relief as the Court deems just and proper.

PARTIES

1. Planet One Products, Inc. is a corporation organized under the laws of the State of California and maintains its principal office at 1445 N. McDowell Boulevard, Petaluma, California 94954.

1

2. Defendant, Wine Cellar Pro LLC, is a limited liability company organized under the laws of the State of Georgia and maintains its principal office at 3865 Montford Drive, Chamblee, Georgia 30341.

3. Defendant, Erik Kuehne, on information and belief, is owner of Wine Cellar Pro LLC and has an office at 3865 Montford Drive, Chamblee, Georgia 30341, and has caused and is directly responsible for the conduct as alleged herein.

## JURISDICTION AND VENUE

4. The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to 15 U.S.C. §1125, and 28 U.S.C. §§1331 and 1338.

5. The Court has personal jurisdiction over Defendants because, *inter alia*, Defendants have deliberately directed activities to California in the form of at least one interactive website that is integral to their business, i.e., www.winecellarprollc.com ("Defendants' Website"). (Plaintiff includes pages from Defendants' Website as Exhibit 1.)  Through its website, Defendants use the WINE CELLAR PRO mark to offer services and products to persons throughout the United States, including California (Exhibit 1), and Defendants sell products through their website, and conduct other business activities, on information and belief, in the State of California, in connection with the WINE CELLAR PRO mark.  Defendants solicit orders from Internet users, process payment, and sell goods to users, including, on information and belief, California users. Said acts of Defendants have caused Plaintiff damages in the state of California and violated Plaintiff's rights as alleged herein in California.

6. On information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c). Each Defendant is subject to personal jurisdiction in the State of California at the

time this action commenced. Defendants' contacts are substantial enough with the State of California to subject Defendants to personal jurisdiction. Further, each Defendant committed acts within this judicial district that give rise to this action.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff has used the CELLAR PRO trademark since approximately 2008, the trademark being displayed as "CellarPro" with the two words adjacent but highlighting the two words by capitalization of the second word.

8. Plaintiff is the lawful owner of U.S. Registration Number 3,493,705, registered August 26, 2008, for the CELLAR PRO mark for:

> Appliances for domestic use, namely, temperature controlled wine cellars; wine coolers, namely, refrigerated cabinets containing racks for wine bottles and storage shelves.

This registration has become incontestable.

9. Over 14 years, Plaintiff (and its predecessor in interest) has developed a number of proprietary products and has continuously maintained exclusive rights over the CELLAR PRO trademark. Plaintiff currently operates in every state and continuously carries on a national marketing campaign.

10. Plaintiff has invested a very substantial sum in promoting goods and services associated with the CELLAR PRO trademark throughout the United States.

11. The CELLAR PRO trademark is highly distinctive and well-recognized in the industry as Planet One's mark.

12. The CELLAR PRO trademark and the goodwill associated with it have become and are valuable assets of Plaintiff.

13. Upon information and belief, Defendants have infringed upon and have used the CELLAR PRO trademark without authorization from the Plaintiff. Despite Planet One's demands, Defendants have refused to discontinue use of the WINE CELLAR PRO trademark, and as of the date of the filing of this complaint, the Defendants still infringe upon and use the Plaintiff's trademark without authorization.

14. The Defendants have used the WINE CELLAR PRO trademark in connection with the same products offered and sold by Plaintiff in a manner that creates a clear likelihood of confusion. In fact Defendants have sought to purchase Plaintiff's wine cellar refrigeration products for their own resale. Further, upon information and belief, each Defendant does business within states where Plaintiff also does business. There is a high likelihood that the continued use and promotion by Defendants of the WINE CELLAR PRO trademark will cause additional confusion in the marketplace as to the source of the goods sold by Plaintiff and the Defendants. The overlap in customers and the confusingly similar names and marks is strongly likely to cause confusion.

### CLAIM ONE

INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

15. As described in this Complaint, each Defendant has infringed Plaintiff's registered trademark in interstate commerce by various acts, including, without limitation, the adoption of the mark and the advertisement and sale of refrigeration equipment for wine cellars, under the infringing trademark.

16. Defendants' adoption and use of the infringing mark is without permission or authority from Plaintiff and has caused and is likely to cause confusion, mistake and/or intended to deceive those in the relevant market.

17. Each Defendant has adopted and used the infringing mark in connection with wine cellar goods with actual and constructive notice of the Plaintiff's registration under 15 U.S.C. §1072.

18. By engaging in the complained-of conduct, the Defendants used in commerce, without the consent of Plaintiff, a copy or colorable imitation of the registered trademark and imitated the registered trademark and applied a colorable imitation of the registered trademark to its website and other tangible items intended to be used in commerce, including the Defendants' domain name winecellarprollc.com, in violation of 15 U.S.C. §1114.

19. The Defendants' infringing activities have caused damages to Plaintiff entitling Plaintiff to an award of damages. The infringement has been deliberate, entitling Plaintiff to punitive damages.

20. The Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

### CLAIM TWO

#### INFRINGEMENT OF COMMON LAW RIGHTS IN TRADEMARKS AND TRADE NAME

21. As described in this Complaint, each Defendant has infringed Plaintiff's common law rights to its trademark and trade name. Plaintiff is the senior user of the mark CELLAR PRO. A likelihood of confusion exists between Plaintiff's mark and the Defendants' mark.

22. The Defendants' infringement of the common law trademark and trade name has caused damages to Plaintiff entitling Plaintiff to an award of damages in an amount according to proof.

23. The Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and damage to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM THREE

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125 (a)

24. As described in this Complaint, the Defendants' adoption and use of the infringing mark and domain name constitute a false designation of origin and/or a false and misleading description of its services and is likely to cause confusion, cause mistake and/or to deceive as to the affiliation, connection or association of Plaintiff or as to the origin, sponsorship or approval of services of Plaintiff in violation of 15 U.S.C. §1125 (a).

25. The Defendants' infringing activities have caused damages to Plaintiff entitling Plaintiff to an award of damages. The infringement has been deliberate, entitling Plaintiff to punitive damages.

26. The Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM FOUR

### INJURY TO BUSINESS REPUTATION OR TRADEMARKS

27. As described in this Complaint, the Defendants have injured the business reputation of Plaintiff and diluted the distinctive quality of Plaintiff's common law trademarks.

28. The actions of each Defendant will constitute an injury to the business reputation of Plaintiff and dilution of Plaintiff's proprietary trademarks in violation of law.

29. The Defendants' infringing activities have caused damages to Plaintiff entitling Plaintiff to an award of damages. The infringement has been deliberate, entitling Plaintiff to punitive damages.

30. The Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM FIVE

### COMMON LAW UNFAIR COMPETITION

31. The above actions of each Defendant are a form of unfair competition that is prohibited under the common law of the State of California. Plaintiff has been damaged by this misconduct in an amount to be determined at trial.

## INJUNCTIVE RELIEF

32. Plaintiff seeks permanent injunctive relief pursuant to California common law, and 15 U.S.C. §1116.

33. Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by Defendants because Plaintiff's business will be irreparably damaged, and such damage is difficult if not impossible to quantify. Plaintiff will suffer irreparable harm, damage, and injury unless

the acts and conduct of the Defendants complained of above are enjoined because the Defendants' continued conduct is likely to cause confusion among customers and vendors that will result in a loss of customers, reputation, goodwill, revenue, and profits, and diminished marketing and advertising.

PRAYER FOR RELIEF

Plaintiff prays that after due proceedings, the Court:

1. enter judgment against Defendants on all claims;

2. award damages against Defendants and in favor of Plaintiff;

3. award Plaintiff punitive damages;

4.. enter a permanent injunction restraining each Defendant, together with their officers, employees, agents, successors and assigns or others acting in concert with them, from using the infringing trademark and domain name in connection with its business; and

5. grant to Plaintiff such other relief as the Court deems just and proper.

Demand for Jury Trial

Plaintiff demands a jury trial.

Dated: 12/9/2022            Respectfully submitted,

By: */s/* Thomas M. Freiburger

ATTORNEY FOR PLAINTIFF
PLANET ONE PRODUCTS, INC.